# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JANET ANN Le GRAND RICE and | \* | |
| EDWARD GORDON RICE, in their own | \* | No. 09-394V |
| right and as best friends of their son, | \* | Special Master Christian J. Moran |
| COLIN MATTHEW RICE, | \* | |
| | \* | |
| Petitioners, | \* | Filed: November 8, 2013 |
| | \* | |
| v. | \* | Attorneys' fees and costs; award |
| | \* | in the amount to which respondent |
| SECRETARY OF HEALTH | \* | does not object. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

John F. McHugh, Law Office of John McHugh, New York, NY, for petitioners
Melonie J. McCall, United States Department of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION[1]

Petitioners Janet Ann Le Grand Rice and Edward Gordon Rice filed their initial application for attorneys' fees and costs on September 18, 2013. After discussions between the parties, respondent filed a stipulation of facts regarding attorneys' fees and costs on November 6, 2013. The Court awards the amount to which respondent does not object.

Petitioners claimed that their son, Colin, developed diabetes as a result of the polio, diphtheria, tetanus, acellular pertussis ("DTaP"), hepatitis B, haemophilus influenzae type B ("Hib"), pneumococcal conjugate ("Prevnar"), and measles, mumps, and rubella ("MMR") vaccines he received during the first two years of his life. A decision denying compensation was issued on July 11, 2012.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Even though compensation was denied, petitioners who bring their petition in good faith and who have a reasonable basis for their petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa—15(e)(1). Here, counsel for petitioners spent time gathering medical records. Additionally, counsel provided multiple updates regarding the progress of a companion case. See, e.g., Status Reports, filed Feb. 17, 2010 and Oct. 6, 2010; see also Decision, issued July 11, 2012. Although petitioners were unable to retain an expert, they did submit an opinion letter from Colin's treating physician (exhibit 13), which offered some support for their claim that vaccines affected Colin's health. On July 2, 2012, petitioners moved for a decision on the record stating their agreement that, after a full review of the record, "no further effort on this claim is merited." Pet'r Mot. at 1.

Mr. McHugh took steps to resolve this case relatively quickly so as not to increase costs and expenses unnecessarily. Thus, because petitioners' counsel acted in good faith and there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioners seek **$14,867.67** in attorneys' fees and costs. Specifically, petitioners request **$14,656.39** in fees and costs for their attorney, John F. McHugh. Additionally, and pursuant to General Order #9, petitioners request **$211.28** for their personal litigation costs.

After reviewing the request, the court awards the following:

1. **A lump sum of $14,656.39 in the form of a check payable jointly to petitioners and petitioners' attorney, John F. McHugh,** for attorneys' fees and costs available under 42 U.S.C. § 300aa—15(e); and

2. **A lump sum of $211.28 in the form of a check payable to petitioners, Janet Ann Le Grand Rice and Edward Gordon Rice**, for their personal litigation costs.

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.